**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| Matthew Short, on behalf of himself, and all others similarly situated, *Plaintiff*, | Demand for Jury Trial<br>Case No. 6:25-cv-01178<br><br>COMPLAINT – CLASS ACTION |
| v. | |
| LKQ Pick Your Part Central, LLC<br>Serve:<br>Corporate Creations Network Inc.<br>4601 E. Douglas Avenue #700<br><br>*Defendant.* | |

## FIRST AMENDED CLASS ACTION COMPLAINT & DEMAND FOR JURY TRIAL

Comes now Plaintiff Matthew Short, individually and on behalf of all other persons similarly situated, for his complaint for damages against Defendant LKQ Pick Your Part Central, LLC. ("Defendant").

## NATURE OF ACTION

1. This is a class action claim arising from the deceptive and unconscionable business practices of Defendant. Specifically, this case concerns Defendant's scheme to dupe consumers into unwittingly paying for a "warranty" or "guarantee" when they purchase goods from Defendant. Defendant operates self-service auto salvage yards where consumers are invited to remove used parts from vehicles for purchase. After a consumer selects and removes a part from a vehicle at Defendant's salvage yard, a sales associate informs the consumer of the total amount

the consumer must pay for the part. The sales associate does not inform the consumer—orally, by providing a written disclosure, or by referring to a written disclosure in the vicinity—that the amount the consumer is told he or she must pay includes a charge for a purportedly optional 90-day “guarantee” (or warranty). The consumer reasonably believes that the amount stated by the sales associate includes only the price of the part and any required tax(es) or regulatory fee(s).

2. After the consumer pays the total amount charged, the consumer is provided a receipt that includes a charge described as “90-Day GU.”

3. If the consumer inquires about the “90-Day GU,” the consumer is informed that the charge is for a 90-day warranty that was automatically charged because the consumer did not inform the sales associate *before* the sales associate rang up the sale that the consumer did not want the 90-day warranty. If, after the sale has been processed, the consumer informs the sales associate that he or she was not aware that he or she would be charged for the warranty, that he or she does not want the warranty, or that he or she would like a refund of the amount charged for the warranty, the consumer is told that it is too late and a refund will not be provided.

4. This practice constitutes a variation of a classic bait-and-switch scheme. It is deceptive, unfair, and unlawful. By advertising auto parts at a base price and failing to disclose the automatic addition of a warranty fee until after the sale, Defendant misleads consumers into paying more than they intended. The scheme constitutes a deceptive and/or unconscionable act in violation of the Kansas Consumer Protection Act, K.S.A §50-623 *et seq*.

5. Defendant's business practices are particularly harmful because many of Defendant's customers are low-income individuals and rely on Defendant to obtain affordable used auto parts. These consumers may have limited education, limited English proficiency, and less experience navigating deceptive pricing practices—making them especially vulnerable to being misled and less likely to challenge or seek redress for improper charges.

## PARTIES

6. Plaintiff Matthew Short a citizen of Kansas and a resident of Wichita, Kansas.

7. Plaintiff seeks relief in his individual capacity and seeks to represent a class consisting of all others who are similarly situated.

8. Defendant LKQ Pick Your-Part Central, LLC is a Delaware limited liability company doing business and operating a salvage yard in the state of Kansas. Defendant maintains offices within the County of Sedgwick, Kansas, located at 700 E. 21st Street North, Wichita, Kansas, 67214. Defendant's registered agent is Corporate Creations Network Inc., which is located at 4601 E. Douglas Avenue #700, Wichita, Kansas 67218.

9. Upon information and belief, the sole member of the LKQ Pick Your-Part Central, LLC is LKQ Corporation, a corporation incorporated under the laws of Delaware with its principal place of business in Tennessee, located at 5846 Crossings Blvd, Antioch, Tennessee 37013.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different States since Plaintiff, and the Plaintiff class, are citizens of Oklahoma and Defendant is deemed a citizen of Delaware and Tennessee for purposes of 28 U.S.C. § 1332.

11. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) since the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which a member of the Class is a citizen of a State different from the State of residence of Defendant.

12. This Court has personal jurisdiction over Defendant in that Defendant transacts business within the state of Kansas and committed one or more tortious acts within the state of Kansas.

13. Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that a substantial part of the events that gave rise to the claims in this case occurred in this District in that the purchase of the consumer product by Plaintiff took place in Sedgwick County, Kansas.

## DEFENDANT'S UNLAWFUL BUSINESS PRACTICE

14. There are numerous Pick Your Part locations across the country, but only one located in the state of Kansas: Pick Your Part - Wichita. The Wichita location includes a salvage yard where consumers may remove and purchase parts from salvaged vehicles.

15. When a consumer purchases a part, Defendant automatically charges the consumer for a 90-day warranty or guarantee (hereinafter "warranty"), unless the consumer affirmatively declines it *before* the sale is processed. The warranty ostensibly permits the consumer to return the part within 90 days of purchase for a refund or exchange. Defendant contends that parts purchased without the warranty are sold "as is" and are not eligible for return or refund. According to Defendant's website, the 90-day warranty is optional but "is added automatically in our system for your convenience" unless the consumer instructs the sales associate otherwise before the transaction is completed.

16. In practice, however, Defendant's sales associates do not notify consumers—whether verbally, in writing, or by directing them to posted signs—that an additional charge for the warranty will be applied unless the consumer explicitly opts out. Instead, the associate simply states the total price, without disclosing that the amount includes a separate charge for the warranty. As a result, consumers reasonably understand the quoted price to reflect only the cost of the part, along with any applicable taxes or fees.

17. Defendant asserts that signs disclosing the warranty charge are posted in the checkout area. However, even where such signs exist, it is legally inadequate because: (1) the disclosure is not conspicuous, much less sufficiently conspicuous; (2) the language is intentionally misleading or ambiguous; and (3) the disclosures are functionally inaccessible to blind, visually impaired, or illiterate consumers.

18. If a consumer later realizes—after the part has been rung up—that they were unknowingly charged for the warranty and requests a refund, Defendant, as a company policy, refuses. Defendant insists that the warranty charge was properly disclosed via the signs in the checkout areas. Defendant further represents that the "90 Day Worry-Free Guarantee" permits customers to return parts within 90 days of purchase for a full refund or exchange, provided they retain the receipt.

## PLAINTIFF'S EXPERIENCE WITH DEFENDANT'S UNLAWFUL SCHEME

19. On September 27, 2023, Plaintiff visited Defendant's salvage yard located at 700 E. 21st Street North, Wichita, Kansas, 67214.

20. Plaintiff intended to purchase a hood for a 2006 Jetta. After locating a matching vehicle in the yard, he removed the hood and brought it to the checkout counter. The hood was unmarked and had no visible price tag, and Plaintiff had no way of knowing how much Defendant would charge.

21. At the checkout, the sales associate told Plaintiff that the total price was $123.64. The sales associate did not mention a warranty or any other additional fees or costs. Plaintiff reasonably believed that the $123.64 reflected only the price of the hood plus any applicable taxes or regulatory fees. At no point did the sales associate inform Plaintiff—or direct his attention to any sign—indicating that the total included a charge for an optional 90-day warranty or that he could decline the warranty prior to purchase. Plaintiff paid the stated amount using a debit card and received a receipt.

22. After he completed the consumer transaction, Plaintiff reviewed his receipt and noticed a charge labeled "90-day GU." Upon inquiring, Plaintiff was told this charge was for a warranty. Plaintiff promptly informed the sales associate that he did not want the warranty and requested a refund. Defendant refused. Plaintiff then offered to return the hood entirely, but Defendant also refused to refund the full purchase price—contrary to its own stated policy regarding the 90-day warranty.

## CLASS ACTION ALLEGATIONS

23. Plaintiff repeats and realleges each and every fact, matter and allegation set forth above and incorporates them by reference as though set forth in full.

24. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all others similarly situated. The proposed class consists of:

> All persons who, within four years prior to the filing of this Complaint, were charged for a warranty in connection with the purchase of products at Defendant's Kansas location.

25. Excluded from the Class are Defendant; any parent, subsidiary, or affiliated entity; any entity in which Defendant has a controlling interest; Defendant's current and former officers, directors and employees; and the immediate family members, legal representatives, heirs, successors, and assigns of any such excluded person.

26. The proposed Class likely consists of thousands of consumers who were charged for a warranty in connection with their purchase of products from Defendant in Kansas within the relevant time period. The membership of the Class is so numerous and dispersed geographically that actual joinder of all of the Class members is impracticable.

27. Plaintiff's claims are typical of the claims of the other Class members. Plaintiff and the members of the Class were subjected to the same unlawful business practice described herein and suffered similar economic injuries as a result.

28. Plaintiff is a proper representative of the Class. Plaintiff will fairly represent and protect the interests of the Class because, among other things, Plaintiff has no interests antagonistic to the Class and is committed to prosecuting this action vigorously on behalf of the Class.

29. Plaintiff is represented by counsel experienced in complex litigation, including class actions involving consumer protection claims, and who will competently and zealously advocate on behalf of the Class.

30. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members. These common questions include, but are not limited to:

i. whether Defendant's practice of charging for a warranty was and is likely to mislead reasonable consumers;

ii. whether Defendant's representations in advertising or at the point of sale were and are false or misleading;

iii. whether Defendant advertised products without the intent to sell the products as advertised;

iv. whether Defendant knowingly, or with reason to know, made representations that willfully created ambiguity regarding a material fact in any oral or written statement;

v. whether Defendant knowingly, or with reason to know, made representations through the willful failure to disclose, concealment, suppression, or omission of a material fact.;

vi. whether Defendant's conduct was and is deceptive and/or unconscionable within the meaning of the Kansas Consumer Protection Act;

vii. whether Defendant's acts and practices were and are unlawful;

viii. whether consumers suffered and continue to suffer damage as a result of Defendant's conduct;

ix. the extent of the damage suffered by consumers as a result of Defendant's conduct;

x. whether Defendant advertised, solicited, or represented by any means, a product for sale or purchase when it was intended to entice a consumer into a transaction different from that originally represented;

xi. whether Defendant's should be enjoined from continuing to engage in the business acts and practices described herein;

31. In addition, the prosecution of separate actions by members of the Class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant, while adjudications with respect to the Class and Plaintiff would, as a practical matter, be dispositive of the interests of the other members of the Class.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the Class is both numerous and its membership is geographically widespread. Furthermore, as the individual damages of any one member of the Class is relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to redress individually the wrongs committed against them and the damages suffered by them. Plaintiff knows of no difficulty that should be encountered in the management of this litigation that would preclude the maintenance of this suit as a class action.

## FIRST CAUSE OF ACTION

## Violations of the Kansas Consumer Protection K.S.A. §50-623 *et seq*

33. Plaintiff re-alleges and incorporates herein all other allegations in this Complaint.

34. The acts and practices described herein constitute deceptive and/or unconscionable business practices in violation of the Kansas Consumer Protection Act, K.S.A §50-623 *et seq*.

35. Defendant engaged in unlawful conduct, including willful deception, false promises, misrepresentation, and/or the concealment, suppression, or omission

of material facts, in connection with the advertisement, sale, and distribution of the products at its Kansas facility.

36. Plaintiff and members of the Class acted reasonably under the circumstances and as reasonable consumers would in similar situations.

37. Defendant's conduct and omissions would lead a reasonable consumer to enter into the transaction under a mistaken understanding of the total price and the nature of what was being purchased, resulting in financial harm.

38. As a direct and proximate result of Defendant's deceptive and unconscionable conduct, Plaintiff and the Class suffered economic damage, including but not limited to the amount wrongfully charged for the 90-day warranty. These damages can be quantified with reasonable certainty.

39. Plaintiff and the Class seek injunctive relief to prevent Defendant from continuing the practice of automatically adding a warranty fee to purchases without informed, affirmative consent from the consumer.

40. Defendant deliberately implemented and maintained this pricing scheme to inflate its revenue, fully aware that such conduct was both deceptive and unconscionable. Defendant closely monitored and benefited from the resulting substantial increase in profits. At Defendant's direction, employees were instructed to withhold material facts from customers at the point of sale and to deny refunds when customers lodged complaints. Despite receiving numerous complaints concerning its deceptive practices, Defendant refuses to alter its practices.

Defendant's conduct is willful, wanton, and carried out with reckless disregard for the rights of Plaintiff and the Class.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages in excess of the jurisdictional limit as determined at trial, punitive damages, injunctive relief, for the costs of this action, attorney's fees, and for such further relief as the Court deems fair and reasonable.

**SECOND CAUSE OF ACTION**
**Unjust Enrichment**

41. Plaintiff re-alleges and incorporates herein all other allegations in this Complaint.

42. Plaintiff and members of the Class purchased a product or products from the Defendant that were accompanied by a 90-day warranty. Had they been properly informed that the quoted purchase price automatically included the costs of the warranty, they would have declined to purchase it.

43. When Plaintiff and other consumers discovered the undisclosed charge and requested a refund, Defendant refused to reimburse them, despite their prompt objections.

44. As a result, Defendant was unjustly enriched at the expense of and to the detriment of the Plaintiff and the Class by retaining funds collected for a product feature that was never knowingly accepted.

45. Plaintiff and the Class are therefore entitled to restitution and seek an order requiring the Defendant to disgorge all profits, revenues, benefits and other compensation obtained as a result of the wrongful sale of the warranty.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages, in excess of the jurisdictional limit and as determined at trial, for the costs of this action, and for such further relief as the Court deems fair and reasonable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, request relief and judgment against Defendant as follows:

a. That the Court enter an order certifying the Class, appointing Plaintiff as a representative of the Class, appointing Plaintiff's counsel as class counsel, and directing that reasonable notice of this action, as provided by Rule 23, be given to the Class;
b. For a judgment against Defendant for the causes of action alleged against it;
c. For damages in an amount to be proven at trial;
d. For appropriate injunctive relief, enjoining the Defendant from selling the product with the warranty automatically added;
e. For attorney's fees;
f. For Plaintiff's costs incurred; and
g. For such other relief in law or equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in Wichita, Kansas.

Dated August 28, 2025.

Respectfully submitted,

**THE POPHAM LAW FIRM, P.C.**
*/s/ Paul D. Anderson*
Paul D. Anderson, KS Federal Bar #78899
712 Broadway Blvd., #100
Kansas City, Missouri 64105
P: (816) 221-2288
F: (816) 221-3999
paul@pophamlaw.com

Andrew Schermerhorn, KS Federal Bar #24416
**KLAMANN & SCHERMERHORN, PA**
4435 Main Street, Suite 150
Kansas City, MO 64111
Telephone: (816) 421-2626
Facsimile: (816) 421-8686
ajs@klamannlaw.com